# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY MARK WHITE, | ) 1:03cv06898 DLB |
| | ) |
| | ) ORDER GRANTING COUNSEL'S |
| | ) MOTION TO WITHDRAW AS |
| Plaintiff, | ) ATTORNEY OF RECORD |
| | ) (Document 37) |
| v. | ) |
| | ) ORDER SETTING STATUS CONFERENCE |
| MODESTO POLICE OFFICER HICKS, | ) **April 15, 2009, 9:30 a.m.** |
| et al., | ) **Courtroom 9** |
| | ) |
| | ) ORDER VACATING MOTION IN LIMINE |
| | ) AND VACATING MOTION FOR PARTIAL |
| Defendants. | ) JUDGMENT ON THE PLEADINGS |
| | ) (Documents 40 and 41) |
| | ) |
| | ) ORDER VACATING PRETRIAL |
| | ) CONFERENCE OF JANUARY 1, 2009, AND |
| | ) VACATING TRIAL OF FEBRUARY 24, 2009 |

Stephen Solano ("Counsel"), attorney for Plaintiff Andy Mark White, filed the instant motion to withdraw as Plaintiff's attorney of record. The matter was heard on January 9, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Counsel Steven Solano appeared. James Wilson appeared on behalf of Defendants.

## BACKGROUND

Plaintiff Andy Mark White ("Plaintiff") filed the instant civil rights action on December 22, 2003, against Modesto Police Officer Hicks, Modesto Chief of Police Roy Wasden, the Modesto Police Department and the City of Modesto. Plaintiff alleges federal civil rights causes of action arising out of events occurring on or about August 11, 2003. Defendant Officer Hicks reportedly shot Plaintiff in the right buttock during an attempted arrest of Plaintiff.

1       All Defendants have answered the complaint.

2       A scheduling order was entered in this matter on October 7, 2005, setting a jury trial for May 8, 2006.

3       In January 2006, the parties requested a settlement conference.

4       On March 1, 2006, Counsel and the defendants appeared for a settlement conference before the Honorable Dennis L. Beck. Plaintiff did not appear and the settlement conference was not held.

5       On March 22, 2006, the parties filed a stipulation to vacate and reset the pretrial conference and trial dates in this matter due to conflicts with the Plaintiff's criminal jury trial. Pursuant to the stipulation, the Court continued the pretrial conference and trial dates.

6       In June 2006 and in November 2006, the parties again stipulated to vacate and reset the pretrial conference and trial dates due to potential Fifth Amendment conflicts with Plaintiff's unscheduled criminal jury trial. The Court continued the dates.

7       On February 21, 2007, the matter was reassigned to the Honorable Dennis L. Beck for all purposes. Due to the reassignment, the Court reset the pretrial conference for September 14, 2007, and the trial for October 30, 2007.

8       Pursuant to stipulations filed in February 2007, August 2007, and March 25, 2008, the pretrial conference and trial dates were reset three additional times due to Plaintiff's criminal jury trial.

9       On August 4, 2008, the parties again stipulated to vacate the pretrial and trial dates due to Plaintiff's conflicting criminal jury trial in Stanislaus County Superior Court, which was scheduled for November 4, 2008. The Court reset the pretrial conference for January 9, 2009, at 1:30 p.m., and the jury trial for February 24, 2009.

10      On December 4, 2008, Counsel filed the instant motion to withdraw as attorney of record for Plaintiff. The motion was served on Plaintiff by mail at his last known residence address and at Deuel Vocational Institute in Tracy, California. Plaintiff Andy White did not file a response to the motion.

On December 5, 2008, Defendants filed a statement of non-opposition to the motion.[1]

## DISCUSSION

Local Rule 83-182(d) provides:

> Subject to the provisions of subsection (c), an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other persons who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Where withdrawal from a case is not mandatory under the Rules of Professional conduct, an attorney must ordinarily continue representation despite a case becoming unpleasant or unprofitable.

Counsel first moves for permissive withdrawal under Rule 3-700(C)(1)(d), which provides for withdrawal because the client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively." Counsel contends that Plaintiff has continually failed to communicate effectively with him and Plaintiff's actions have made it impossible for Counsel to continue as attorney. Counsel asserts that Plaintiff breached his agreement not to commit other criminal acts and did not inform Counsel of a criminal action in San Joaquin County.

Counsel explains that Plaintiff has missed every appointment with Counsel in the last two years except for one and that Plaintiff did not appear at the settlement conference in this case. Declaration of Stephen Solano ("Solano Dec."), p. 3. He has had only one personal interview with Plaintiff and two telephone calls. Solano Dec., pp. 3-4.

Counsel further declares that he informed Plaintiff that if he was involved in any other criminal activity or lied, then Counsel would withdraw from the case. Solano Dec., p. 3.

---

[1] On December 30, 2008, Defendants filed a Motion in Limine and a Motion for Partial Judgment on the Pleadings. Defendants also filed their pretrial statement. On January 5, 2009, Plaintiff's counsel filed a pretrial statement on behalf of Plaintiff.

Plaintiff did not inform Counsel that "he either had another felony criminal case in San Joaquin County or that he committed another criminal offense in San Joaquin County" since Counsel agreed to represent him. Solano Dec., p. 3. Counsel reports that on December 2, 2008, Plaintiff's wife telephoned Counsel to inform him that Plaintiff had been sentenced on November 24, 2008, in San Joaquin County Superior Court, to five years in the California Department of Corrections. Solano Dec., p. 3. On December 4, 2008, Counsel telephoned the San Joaquin County jail and was informed that Plaintiff had been sentenced and was being transported to Deuel Vocational Institute. Solano Dec., p. 3.

Next, as a mandatory basis of withdrawal, Counsel cites Rule 3-700(B)(1), which requires withdrawal where counsel knows that the client is bringing an action or asserting a position in litigation without probable cause and for the purpose of harassing or maliciously injuring another person. Alternatively, Counsel cites permissive withdrawal under Rule 3-700(C)(1)(a), where withdrawal is permitted when the client "insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law," Rule 3-700(C)(1)(c), which permits withdrawal when the client "insists that the member pursue a course of conduct that is illegal or that is prohibited under these rules or the State Bar Act" and Rule 3-700(C)(1)(e), which permits withdrawal where the client "insists, in a matter not pending before a tribunal, that the member engage in conduct that is contrary to the judgment and advice of the member but not prohibited under these rules or the State Bar Act."

Counsel asserts a loss of faith in the case. Counsel believes he is obligated to withdraw because of Plaintiff's conduct and because of discovery in this case. Counsel avers that an attorney may withdraw if a client insists on presenting a claim that the attorney believes is not warranted under existing law, such as where an attorney doubts a client's credibility or legitimacy of claim.

At the hearing, Counsel explained that he had not had any communication with Plaintiff Andy White regarding the instant motion. However, Plaintiff's wife, who was present at the hearing, reported to Counsel that Plaintiff acknowledged the condition regarding no criminal

1  activity.  Plaintiff's wife also indicated to the Court that Plaintiff was not objecting to the Motion
2  to Withdraw.
3      Based on the foregoing, Counsel's motion is GRANTED.
4      **Plaintiff shall be substituted in pro se.  Plaintiff's address is Deuel Vocational**
5  **Institute is located at P.O. Box 600, Tracy, California 95378.  Plaintiff's inmate number is**
6  **G3867.**
7      A status conference is SET before the undersigned on April 15, 2009, at 9:30 a.m. in
8  Courtroom 9.  The parties may appear telephonically.  In addition, the parties shall file a written
9  status report on or before April 1, 2009.
10     The pending Motion in Limine Seeking an Order Excluding the Admission of Evidence
11 and Any Argument Regarding the Fact that Plaintiff White Was Unarmed at the Time of the
12 Shooting Incident (Document 40) and the pending Motion for Partial Judgment on the Pleadings
13 (Document 41) are VACATED.
14     Finally, the pretrial conference of January 9, 2009, and the jury trial of February 24, 2009,
15 are VACATED.

17     IT IS SO ORDERED.
18     Dated:   **January 12, 2009**            /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE